**SO ORDERED.**

**SIGNED this 30 day of April, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

HUBERT and FLORETTA KING,    CASE NO. 11-03408-8-JRL

    DEBTORS.    CHAPTER 13

ALLISON L. FENDERSON,

    Plaintiff

        v.    ADVERSARY PROCEEDING
           NO. 11-00280-8-JRL

HUBERT and FLORETTA KING,

    Defendants

## ORDER

This matter came before the court on the plaintiff's motion for summary judgment. A hearing was held on April 11, 2012, in Raleigh, North Carolina.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August

3, 1984. All of these matters are core proceedings within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## FACTS

The defendants filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on May 3, 2011. The plaintiff initiated this adversary proceeding against the defendants pursuant to 11 U.S.C. § 523(a)(2) and (6) on August 1, 2011. On January 23, 2012, the plaintiff filed a motion for summary judgment. The defendants filed a response to the plaintiff's motion on March 29, 2012.

Attached to the defendants' response to the plaintiff's motion is an order of dismissal by the Honorable Donald W. Stephens, a Wake County Superior Court judge, which states that the case of Fenderson v. King, Case No. 07 CVS 20167, is dismissed with prejudice. The order was entered on May 19, 2009. However, on August 17, 2009, the Honorable John R. Jolly, Jr. of Wake County Superior Court, entered an order and judgment in favor of the plaintiff in the matter of Fenderson v. King, Case No. 07 CVS 20167 ("state action"). Through this adversary proceeding, the plaintiff seeks to recover a money judgment from the defendants awarded in the state action. Judge Jolly's order is attached to the plaintiff's motion for summary judgment.

The defendants' counsel brought the entire state court file for Fenderson v. King, Case No. 07 CVS 20167, to the hearing. The file did not contain any evidence that the defendants were served with notice of the litigation before Judge Jolly.

## DISCUSSION

The plaintiff argues there is no genuine issue of material fact since all issues presented in the pleadings were actually litigated, necessary to, and previously decided in the state action.

The defendants are thus precluded, as a matter of law, from re-litigating the issues set forth in the pleadings under the doctrine of collateral estoppel. The defendants' response is two-fold. First, the defendants contend that without notice of the lawsuit before Judge Jolly, they did not have a fair opportunity to litigate the issues, and thus are not barred by collateral estoppel. Second, the defendants contend that the action was dismissed with prejudice by Judge Stephens.

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Defensive collateral estoppel occurs when "a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.4 (1979). Offensive use occurs when "the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action against another party." Id. Mutual collateral estoppel, which can be either defensive or offensive, occurs when the parties to the prior and

present actions are identical.  See id. at 326.  In a case of mutual collateral estoppel there are various factors a court may consider in applying the doctrine.  See Metropolitan Health Corporation v. Scott (In re Scott), Adv. Pro. No. 10-00101-8-JRL (Bankr. E.D.N.C. June 6, 2011) (Leonard, J.).  Specifically, the court may consider whether "the party sought to be precluded . . . [had] an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action."  Id. (quoting Restatement (Second) of Judgments § 28 (1982)).

The court finds that the defendants did not have notice of the action before Judge Jolly.  Therefore, the defendants did not have an adequate opportunity to obtain a full and fair adjudication of the issues.  It would be inequitable to preclude the defendants from litigating the issues based on a prior adjudication that occurred without their knowledge.

Based on the foregoing the plaintiff's motion for summary judgment is **DENIED**.  Judge Jolly's order will not be given preclusive effect in this adversary proceeding.

**END OF DOCUMENT**